

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X

DEUTSCHE BANK TRUST COMPANY, AMERICAS, in its capacity as successor indenture trustee for certain series of Senior Notes, LAW DEBENTURE TRUST COMPANY OF NEW YORK, in its capacity as successor indenture trustee for certain series of Senior Notes, and WILMINGTON TRUST COMPANY, in its capacity as successor indenture trustee for certain series of PHONES Notes

           Plaintiffs,

  -against-

ADALY OPPORTUNITY FUND TD SECURITIES INC. C/O ADALY INVESTMENT MANAGEMENT CO., 1IA SPX1, ABP, ALSON CAP PARTNERS LLC /ALSON SIGNATURE FD OFFSHORE M&C CORPORATE SERVICES LTD., ALSON CAPITAL PARTNERS, LLC, AMALGAMATED BANK, AMIDA PARTNERS MASTER FUND LTD, WALKER HOUSE SPV LTD., AMIDA PARTNERS MASTER FUND LTD. /NON-FLIP ACCOUNT C/O AMIDA CAPITAL MANAGEMENT, LLC, ANCHIN BLOCK & ANCHIN, LINCOLN FD TAX ADVANTAGE, ARCHDIOCESE OF NEW YORK MASTER TRUST, BELL ATLANTIC MASTER TRUST, BLACKPORT CAPITAL FUND LTD, BMO NESBIT BURNS INC./CDS, BMO NESBIT BURNS TRADING CORP. SA, BROWN BROTHERS HARRIMAN & CO., B TRADE SERVICES LLC, BROWN BROTHERS HARRIMAN AND COMPANY/ETF, HIMAN BROWN, TR UA 11/20/02 HIMAN BROWN REVOCABLE TRUST, CAPITALIA AZIONARIO USA C/O CAPITALIA AM SGR SPA C/O UNICREDIT S.P.A., CBS MASTER TRUST, CEDE & CO C/O DEPOSITORY TRUST COMPANY, VILMA L CHANTILES JT TEN, CIM XVI LLC, CITADEL EQUITY FUND LTD / LEEDS MGMT SVCS (CAYMAN) LTD C/O CITADEL INVESTMENT GROUP LLC, CITI GOLDEN TREE LTD. C/O GOLDEN TREE ASSET MANAGEMENT LP, CLEARWATER INVESTMENT, COGENT MANAGEMENT INC., COMMERZ MARKETS LLC, CONDOR C/O ROBECO INST ASSET MGMT BV C/O ROBECO INVESTMENT MANAGEMENT, CONSOLIDATED EDISON OF NY K801, CONVERTIBLES STRATEGIC HOLD, COUGAR TRADING LLC, CREDIT

Case No.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 12 U.S.C. §632, 28 U.S.C. §§ 1334, 1441, 1446 and 1452

Case 1:11-cv-04784-UA   Document 1   Filed 07/12/11   Page 2 of 15

AGRICOLE SECURITIES (USA) INC., D E SHAW VALENCE PORTFOLIO LLC, DBSO SECURITIES LTD, DELAWARE CHARTER G&T TTEE, DR. DAVID L. HOEXTER IRA R/O, DELOS INSURANCE COMPANY, DEPFA BANK PLC (HYPO REAL ESTATE BANK INT'L), DEPOSITORY TRUST & CLEARING CORPORATION, DEPOSITORY TRUST COMPANY, DRAWBRIDGE GLOBAL MACRO, MASTER FUND LTD – K, DRESDNER BANK, AG C/O COMMERZBANK AG, DREYFUS STOCK INDEX FUNDS, INC., DREYFUS S&P 500 ST INDX FD, DREYFUS/LAUREL FUNDS INC, E*TRADE CLEARING LLC, E-CONNECTIVITY AVG PX, EMANUEL E. GEDULD 2005 FAMILY TRUST, EQUITY LEAGUE PENSION TRUST FUND, EVERGREEN ASSET MANAGEMENT C/O PRENTICE-HALL CORPORATION SYSTEM, INC., FAIRWEATHER LTD PTRSHP R1F3154C, CUSTODIAN, FAIRWEATHER FAMILY L.P., DR. PETER FAIRWEATHER, FIDEURAM BANK LUXEMBOURG S.A. C/O INTESA SANPAOLO, FIRST INVESTORS LIFE SERIES FUND BLUE CHIP SERIES, FIRST INVESTORS LIFE SERIES FUND UTILITIES SERIES, FIRST INVESTORS UTILITIES INCOME, FIRSTAR TRUST COMPANY, THE MERGER FUND, FLEXIBLE US EQUITY MANAGERS, PORTFOLIO 1 OFFSHORE MASTER LP LSV C/O GS&CO, FOLKSAMERICA REINSURANCE COMPANY, FORDHAM UNIVERSITY, FORTIS CLEARING AMERICAS LLC 695, GABELLI AVG PRICE 2, GABELLI & COMPANY INC., GABELLI EQUITY TRUST INC, GAMCO INVESTORS INC., GABELLI FOUNDATION, INC., GABELLI FUNDS, INC.(GABELLI ABC FUND), GABELLI FUNDS, INC. (GABELLI FUNDS INC) BRUCE M. ALPERT, GABELLI FUNDS, INC. (GABELLI) BRUCE M. ALPERT, GABELLI FUNDS, INC. (THE GABELLI ASSET FUND) BRUCE M. ALPERT, GABELLI FUNDS, INC. (THE GABELLI EQUITY INC FD) BRUCE M. ALPERT, GABELLI FUNDS, INC. (THE GABELLI GLOBAL MULTIMED TR) BRUCE M. ALPERT, GABELLI FUNDS, LLC, GABELLI GLOBAL DEAL FUND, GABELLI SECURITIES, INC., GABELLI VALUE FUND, INC., MARIO J GABELLI, GAMCO ASSET MANAGEMENT INC., GDK INC C/O CAXTON ASSOCIATES LP, GEORGE M MOSS, CARA LEIGH GILESPIE-WILSON, GMIMCO TRUST (GENERAL MOTORS) BRUCE MARQUAND, GOLDENTREE MASTER FUND II, LTD., GOLDENTREE MASTER FUND LTD. C/O GOLDEN TREE ASSET MANAGEMENT LP,

GOLDENTREE MULTISTRATEGY OFFSHORE FUND C/O GOLDEN TREE ASSET MANAGEMENT LP, GOVERNMENT OF SINGAPORE INVESTMENT CORP PTE LTD, RUTH GRUENTHAL, EMANUEL GRUSS, GRYPHON HIDDEN VALUES VIII LTD, HAVENS PARTNERS ENHANCED FUND, L.P., HAVENS PARTNERS, L.P., HELEN BUTTENWIESER TRUST 7/28/38, HOMELAND INSURANCE COMPANY OF NEW YORK C/O ONE BEACON INSURANCE CO., LENOX HILL HOSPITAL, POLLY H. HOWELLS, HUDSON BAY FUND LP, HUDSON BAY MASTER FUND LTD, IBEW LOCAL 25 MASTERTRUST PLANS, INSTINET CORP NY, INSTITUTIONAL BENCHMARKS SERIES (MASTER FEEDER) LIMITED C/O LYRA CAPITAL LLC, INVESTMENT TECH GROUP INC, IOLAIRE INVESTORS LLP C/O ASB ADVISORS LLC, ITG INC, JEFFERIES & COMPANY, INC., MARGARET T.M. JONES C P & CO AC, CHARLES PRATT & COMPANY LLC, JONATHAN A KNEE, BARRY KUPFERBERG DAVID & LORI BANNER KUPFERBERG JT TEN, L3 COMMUNICATIONS CORPORATION MASTER TRUST, ROBERT E LA BLANC, LABRANCHE & CO. LLC, LABRANCHE STRUCTURED PRODUCTS LLC, LEGG MASON PARTNERS, NANCY G LEZETTE, LIGHTHOUSE PARTNERS LLC / LMA SPC OBO MAP I SEGRGTN PRTF C/O LIGHTHOUSE PARTNERS LLC, LOCAL 102 PENSION/NO TR VAL IM, BAKERY CONF TOB WRKS LOCAL 102, LOEB ARBITRAGE MANAGEMENT LP, MICHAEL LOEB, M. SAFRA & CO., INC., THOMAS J. MAJORANA, CGM IRA CUSTODIAN, MANUFACTURERS & TRADERS TRUST CO., MARIO J. GABELLI GAMCO INVESTORS INC., JEROME & MARIA MARKOWITZ JTWROS, MERGERS INVTMT TRD, MID ATLANTIC CAPITAL CORP., MILLENCO LLC, MITSUBISHI UFJ, MITSUBISHI UFJ ASSET MGMT #968364 (THROUGH MASTER TRUST BANK OF JAPAN) C/O BANK OF TOKYO-MITSUBISHI UFJ TRUST COMPANY, MIZUHO BANK, LTD., MONETARY AUTHORITY/SINGAPORE, MULTI-STRATEGY GREENOCK MASTER FUND LTD, MUTUAL OF AMER LIFE INS COA/C EQUITY-INDEX FUND, MACM 8, NATIXIS BLEICHROEDER LLC, NEUBERGER BERMAN INC., NEW EAGLE HOLDINGS LLC RISK ARBITRAGE, NEW YORK CITY DEFERRED COMPENSATION PLAN, NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, NEWEDGE USA, LLC EQUITY CLEARING DIVISION,

NOMURA SECURITIES INTERNATIONAL, INC., NOMURA SECURITIES INTERNATIONAL INC. - STOCK LENDING, NYC DISTRICT COUNCIL CARPENTERS PENSION, NYC DISTRICT COUNCIL CARPENTERS WELFARE, NYLIM-QS LARGE CAP ENHANCED FUND LP, O'SHAUGHNESSY, PACIFIC SELECT, MR VIOLET AND MRS LESLIE PAYNE JTWROS, PENSION FUND ASSOCIATION FOR LOCAL GOVERNMENT OFFICIALS, THE SUMITOMO TRUST & BANKING CO. LTD., PENSION TRUST FUND LOCAL UNION #27, MARTHA POPE, POPE, MARTHA P POPE/ EXECUTRIX, ESTATE OF LEAVITT J. POPE, PRIME BROKER CSSI STOCK SPLIT AND REORG PROCESSING ACCOUNT, QES QVT FUND LP, QVT FINANCIAL LP, QVT FUND, R.E. GINNA NUCLEAR POWER PLANT LLC MASTER DECOMMISSIONING TRUST, R.E. GINNA QUALIFIED DECOMMISSIONING TRUST, RABO CAPITAL SERVICES, INC., RIEF RMP LLC C/O RENAISSANCE TECHNOLOGIES LLC, RIEF TRADING LLC C/O RENAISSANCE TECHNOLOGIES LLC, RISK FACIL 99: CLOSE/RISK, U.S. SHARES PROGRAMS, ROYAL TRUST CORPORATION OF CANADA C/O ROYAL BANK OF CANADA, SCHULTZE ASSET MGMT., SECRETARIA TO MUTUAL BENEFIT ASSOCIATION FOR TOKYO METROPOLITAN EMPLOYEES, SG AMERICAS SECURITIES, LLC, ROBERT A. AND JAMIE A. SIMINS JTWROS, SOCIETE GENERALE ASSET MGMT CO (THROUGH MASTER TRUST BANK OF JAPAN), SOCIETE GENERAL ASSET MANAGEMENT, ALEXANDER D AND PAULA SOLON JTWROS, ALEXANDER SOLON IRRA FBO ALEXANDER SOLON C/O MLPF&S CUST FPO, SPEAR LEEDS AND KELLOGG, SHIRLEY J SPERLING AND SUSAN J MARTIN JT TEN, SPX PRINCIPAL STRATEGY U.S. SHARES PROGRAMS, STICHTING PENSIOENFONDS ABP C/O ABP INVETMENTS US, INC., STICHTING PENSIOENFONDS OCE C/O ABO INVESTMENTS US, INC., STICHTING PENSIOENFONDS VAN DE C/O ABP INVESTMENTS US, INC., STICHTING PENSIOENFONDS ZORG C/O ABP INVESTMENTS US, INC., STRATEGIC FUNDS, INC., STRATEGIC OPPORTUNITY BMO NESBITT BURNS C/O ADALY INVESTMENT MANAGEMENT CO., SUMITOMO TRUST & BANKING CO. LTD. TRUSTEE, PENSION COMMINGLE FUND, SWAPS, SBI, SWISS AMERICAN SECURITIES INC., SWISS RE FINANCIAL PRODUCTS CORP., SYSTEIA CAPITAL MANAGEMENT C/O

AMUNDI INVESTMENTS ADVISORS USA, INC., T ROWE PRICE TRUST CO, TRPTC TTEE INTERSIL EQUITY INC. FUND, T. ROWE PRICE ASSOCIATES, T. ROWE PRICE BALANCED FUND, INC., T. ROWE PRICE EQUITY INCOME TRUST C/O T. ROWE PRICE ASSOCIATES, INC., T.ROWE PRICE ASSOCIATES (CHEETAH + CO), T.ROWE PRICE ASSOCIATES (FOULARD AND CO), T.ROWE PRICE ASSOCIATES (SHERBET + CO), T.ROWE PRICE ASSOCIATES (SPINNINGROD & CO), T.ROWE PRICE ASSOCIATES (TASKFORCE & CO), T.ROWE PRICE ASSOCIATES C/O CT CORPORATION SYSTEM, T.ROWE PRICE BALANCED FUND- LARGE CAP CORE, T.ROWE PRICE EQUITY INDEX 500 FUND, T.ROWE PRICE TOTAL EQUITY MARKET INDEX FUND, T/W W MILTON JR FBO ANNA LIVINGSTONE, TD EMERALD HEDGED U.S. EQUITY C/O TD ASSET MANAGEMENT USA, INC., TD EMERALD POOLED U.S. FUND C/O TD ASSET MANAGEMENT USA, INC., TD EMERALD U.S. MARKET INDEX FUND C/O TD ASSET MANAGEMENT USA, INC., TD U.S. INDEX FUND C/O TD ASSET MANAGEMENT USA, INC., TD U.S. LARGE CAP VALUE FUND C/O TD ASSET MANAGEMENT USA, INC., TMS/ITS SETT A/C FOR HFF I LLC, TOCQUEVILLE ASSET MANAGEMENT L.P., CARA LEIGH GILLESPIE-WILSON, TOCQUEVILLE ASSET MANAGEMENT L.P., CIRI GILLESPIE, TRE PENSION EFT ACCT PPS, TRIBUNE CO COM STK TENDER EXP, TENSOR OPPORTUNITY LIMITED C/O M. SAFRA & CO. INC., WILLIAM SANDERSON TWADDELL, U OF T MASTER TRUST C/O THE BLACKSTONE GROUP LP, UNITED CHURCH OF CHRIST DEFINED CONTRIBUTION, UNIVERSITY OF TORONTO C/O THE BLACKSTONE GROUP LP, US TRUST CO. N.A., VALUE LINE, INC, ELIZABETH H VANMERKENSTEIJN, JOHN J WAGNER, JOHN J. AND ROSEMARY WAGNER JTWROS, ABIGAIL WALLACH, ERIC D. WERTHMAN, JESSE WERTHMAN, WHITE MOUNTAINS RE BERMUDA LTD C/O WHITE MOUNTAINS REINSURANCE COMPANY OF AMERICA, and WHITE MOUNTAINS REINSURANCE COMPANY OF AMERICA, all the foregoing being sued individually; and the following defendants being sued individually and as defendant shareholder class representatives: DREYFUS INDEX FUNDS, INC, JOAN E CLARK, NICHOLAS G CHANTILES, BESSEMER TRUST COMPANY, GEORGE M. MOSS, HUGH F FAGAN, EMPIRE STATE CARPENTERS

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

PENSION, FIERSTEIN COMPANY, ABP INVESTMENTS :
US, INC., ANIMA SOCIETA' DI GESTIONE C/O BPM :
CAPITAL TRUST GSS LLC, DEXIA BANK C/O DEXIA :
CREDIT LOCAL, NEW YORK BRANCH, and STICHTING :
PENSIOENFONDS HOOGOVENS, on behalf of themselves :
and a class of similarly situated persons and entities, and :
DOES 1-5,000, such names being fictitious and unknown to :
plaintiffs, representing individuals or entities who may be legal :
or beneficial owners of common stock purchased, repurchased, :
or redeemed in connection with the transactions underlying this :
action, or who received proceeds of the transfers underlying :
this action, :

                               Defendants.

--------------------------------------------------------------------X

## NOTICE OF REMOVAL

     PLEASE TAKE NOTICE that Defendant Dreyfus Stock Index Funds, Inc. files this Notice of Removal pursuant to 12 U.S.C. § 632, 28 U.S.C. §§ 1334, 1441, 1446, and 1452, and Local Civil Rule 81.1, and removes to this Court from the Supreme Court of the State of New York, County of New York the above-entitled action (Index No. 651515/2011) (the "State Court Action"), and all claims and causes of action asserted therein. This Court has original jurisdiction over this matter pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1334. In support of this Notice of Removal, Dreyfus Stock Index Funds, Inc. states as follows:

     1.     The State Court Action was commenced on June 2, 2011, by filing of a summons and complaint (the "Complaint" or "Compl.") in the Supreme Court of the State of New York, County of New York.

2. On June 21, 2011, Dreyfus Stock Index Funds, Inc. was served with the summons and complaint in this action. Upon information and belief, plaintiffs have not completed service of process on all defendants.

3. In accordance with 28 U.S.C. § 1446(a), Local Civil R. 81.1, and Fed. R. Bankr. P. 9027(a)(1), true and correct copies of all process, pleadings and orders filed in the Supreme Court of the State of New York, County of New York to date are attached as Exhibit A to this Notice of Removal.

4. As is apparent from the face of the Complaint, and as set forth below, this Court has jurisdiction over the claims and causes of action at issue in the State Court Action pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1334(b).

5. In the Chapter 11 bankruptcy proceeding, Case No. 08-13141 (KJC) (the "Tribune Bankruptcy Proceeding"), filed December 8, 2008, by the Tribune Company ("Tribune") and certain of its subsidiaries (collectively, the "Debtors"), pending in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), the Official Committee of Unsecured Creditors (the "UCC"), filed claims against Tribune shareholders to avoid as intentional fraudulent conveyances all proceeds that the shareholders had received in connection with Tribune's 2007 leveraged buyout (the "LBO"). First Amended Complaint, <u>Official Committee of Unsecured Creditors of Tribune Company v. Fitzsimons</u>, Adv. Proceeding No. 10-54010 (KJC) (Bankr. D. Del. filed Dec. 7, 2010), docket item 61 (the "UCC Complaint").

6. In the State Court Action, the Plaintiffs also seek to recover the same funds at issue in the Tribune Bankruptcy Proceeding, alleging that the payments to Tribune shareholders in connection with the LBO are fraudulent conveyances under the state laws of New York, Illinois and Massachusetts.

**Background**

7.    The events giving rise to the fraudulent conveyance claims both here and in the Tribune Bankruptcy Proceeding are summarized as follows.

8.    In 2007, Tribune's board of directors approved the LBO. The LBO was structured as two transactions – referred to as Step One and Step Two – in which Tribune purchased all outstanding shares of its common stock. Compl. ¶¶ 3, 6.

9.    In Step One, Tribune, through its employee stock ownership plan (the "ESOP"), purchased approximately 50% of the outstanding shares of Tribune common stock at $34 per share in a tender offer. The purchase was financed by an $8.028 billion Credit Agreement (the "Credit Agreement," attached as Exhibit B). In the Complaint, Plaintiffs allege that Tribune's shareholders were paid approximately a total of $4.3 billion during Step One. Compl. ¶ 6.

10.    In Step Two, Tribune merged with a Delaware corporation that was wholly owned by the ESOP. In consideration for the merger, Tribune's remaining outstanding common stock holders received $34 per share. Their shares in Tribune were thereafter cancelled. The Step Two merger was financed through additional borrowings under the Credit Agreement and a bridge loan agreement. The Complaint alleges that shareholders were paid $4.0 billion during Step Two. Compl. ¶ 6.

11.    On December 8, 2008, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Delaware Bankruptcy Court. Compl. ¶ 12. A crucial and contested issue in the Tribune Bankruptcy Proceeding is whether the LBO transactions constitute fraudulent conveyances.

12.    In 2010, the Court appointed an Examiner to evaluate whether the Debtors' estates held any potential claims and causes of action in connection with the LBO, including

specifically, the fraudulent conveyance claims. See Agreed Order Directing The Appointment Of An Examiner, In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Apr. 20, 2010), docket item 4120.

13.     On July 26, 2010, following a lengthy investigation, the Examiner filed a four-volume report summarizing his conclusions. The Examiner's report largely focused on fraudulent conveyance issues, including the Debtors' intent in making the conveyances, their solvency, capital adequacy, and ability to repay debts at the time of the LBO, and transferees' defenses to any potential fraudulent conveyance claims. Examiner's Report of Kenneth N. Klee, as Examiner, In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Aug. 3, 2010), docket items 5247-50.

14.     Dreyfus Stock Index Funds, Inc. understands that there are two competing plans of reorganization presently before the Bankruptcy Court. These plans differ on how fraudulent conveyance claims would be treated. Dreyfus Stock Index Funds, Inc. also understands that the Bankruptcy Court conducted an eleven-day confirmation hearing, which began on March 7, 2011, for the two proposed plans of reorganization. Sixteen witnesses testified, and over one thousand pages of briefs and objections were filed. A major issue at the confirmation hearing was whether the conveyances related to Step One and Step Two could be avoided as fraudulent conveyances and, if so, the value of those claims. Proponents of each plan put on expert witnesses on this issue. The parties submitted post-hearing briefs and thereafter, on June 27, 2011, the Court held closing arguments. To date, neither plan has been confirmed.

15.     The Tribune Bankruptcy Proceeding also includes adversary proceedings. On December 7, 2010, the UCC filed an amended complaint in its adversary proceeding in the Delaware Bankruptcy Court asserting thirty-six claims against various defendants. See UCC

Complaint. The fraudulent conveyance claims are at the forefront of these proceedings. For example, in the UCC Complaint, Count thirteen seeks to avoid the conveyances made to Tribune's shareholders in connection with the LBO for the purchase, repurchase, or redemption of the outstanding shares as an intentional fraudulent conveyance. Id. at 97.

16.     Since the fraudulent conveyance claims have been subject to the automatic stay of 11 U.S.C. § 362, the Bankruptcy Court was required to issue an order (the "Claims Order"), at Plaintiffs' request, to permit them to file this and other actions against Tribune's former shareholders. Order, In re Tribune Co.. Case No. 08-13141 (KJC) (Bankr. D. Del. Apr. 25, 2011), docket item 8740. The Claims Order was entered on April 25, 2010 and was attached as Exhibit B to the Complaint.

17.     The Claims Order lifted the automatic stay to the limited extent of allowing certain creditors, including plaintiffs in this action, to file state law constructive fraudulent conveyance claims against shareholders to attempt to recover conveyances the shareholders had received in connection with the LBO. The Court did not rule on the standing of such creditors to bring these claims. Following the entry of the Claims Order, plaintiffs and other creditors filed this action and approximately 50 similar actions in state and federal courts around the country (the "State Law Constructive Fraudulent Conveyance Actions") seeking return of payments made to Tribune shareholders in connection with the LBO, alleging such payments to be constructive fraudulent conveyances under state law.

18.     The Claims Order provided that after filing of a complaint, this action (and the other State Law Constructive Fraudulent Conveyance Actions) would be automatically stayed, except that Plaintiffs are permitted to amend their state law constructive fraudulent conveyance complaints, complete service, and conduct limited discovery as necessary to prevent statutes of

limitations or other time-related defenses from barring the claims. Claims Order ¶ 6. Plaintiffs are required to move to stay any actions not automatically stayed. Id.

19. On June 29, 2011, the Delaware Bankruptcy Court entered an order – amending and clarifying the Claims Order – which, among other things: (a) permitted any defendant in state court to seek removal on any applicable ground; and (b) authorized any plaintiff or defendant in the State Law Constructive Fraudulent Conveyance Actions to move to consolidate and/or coordinate the Actions.

## Grounds for Removal

20. Removal is appropriate here for two independent reasons. First, the State Court Action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1452. Pursuant to 28 U.S.C. § 1334(b), this Court has original bankruptcy jurisdiction over the claims at issue in the State Court Action. Second, removal is appropriate under the Edge Act, 12 U.S.C. § 632, because, upon information and belief, at least one of the defendants is a United States corporation and this action arises out of transactions involving international banking and international or foreign financial operations.

### A. Bankruptcy Jurisdiction

21. Under section 1452(a) "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1441(a) further provides that "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

22. Under 28 U.S.C. § 1334(b), this Court has original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

23. Facts entitling Dreyfus Stock Index Funds, Inc. to file this Notice of Removal include, without limitation, the following. First, the central issues in the State Court Action are identical to, and intertwined with, matters at issue in the Tribune Bankruptcy Proceeding, including the Delaware Bankruptcy Court's consideration of the proposed plans of reorganization.

24. Second, the conveyances sought to be avoided in the State Court Action are also the subject of an adversary proceeding for avoidance (of a fraudulent conveyance) in the Tribune Bankruptcy Proceeding.

25. Third, Plaintiffs' claims in the State Court Action are claims that can only be pursued, if at all, pursuant to the statutory scheme established by Congress in Chapter 5 of the Bankruptcy Code, including, specifically, the limitations contained in sections 544(a) and 546(e) of the Bankruptcy Code. The commencement of the State Court Action and the allegations of the Complaint constitute efforts to circumvent the restrictions imposed by Congress in Chapter 5 of the Bankruptcy Code, which preempt Plaintiffs' claims.

26. Fourth, the outcome of the State Court Action will have an effect on the Tribune bankruptcy estate – at a minimum, if Plaintiffs are able to recover from Wells Fargo, their claims against the bankruptcy estate will be reduced.

27. The claims in the State Court action constitute "core" proceedings within the meaning of 28 U.S.C. §157(b)(2). For example, as the claims in the State Court Action are "proceedings to determine, avoid, or recover fraudulent conveyances," they are "core proceedings." 28 U.S.C. § 157(b)(2)(H).

B. **Edge Act Jurisdiction**

28.     The Edge Act provides that the district courts of the United States have original jurisdiction over "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking ... or out of other international or foreign financial operations . . . ." 12 U.S.C. § 632.

29.     It further provides that "any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law." 12 U.S.C. § 632.

30.     Plaintiffs filed the Complaint against at least one national banking association, that upon information and belief, is incorporated under the laws of the United States: U.S. Trust Co., N.A.

31.     Additionally, this action is a suit "of a civil nature at common law or in equity" that arises out of transactions involving "international or foreign banking" or "other international or foreign financial operations." Bank of Am. Corp. v. Lemgruber, 385 F. Supp. 2d 200, 214 (S.D.N.Y. 2005) ("A suit satisfies the jurisdictional prerequisites of Section 632 if any part of it arises out of transactions involving international or foreign banking.") (quoting In re Lloyd's Am. Trust Fund Litig., 928 F. Supp. 333, 338 (S.D.N.Y. 1996)). Plaintiffs' claims against the defendants arise out of the Tribune LBO, which undoubtedly involved international banking transactions. The approximately $8.3 billion in payments allegedly made to the Tribune shareholders (including alleged payments to U.S. Trust Co., N.A.) were funded with secured loans provided by a group of United States and foreign banks. See Credit Agreement (listing

foreign companies Barclays Bank PLC and Sumitomo Mitsui Banking Corp. as Credit Agreement Lenders). Proceeds were distributed globally, including to foreign bank accounts via wire transfers from United States banks. Moreover, plaintiffs seek to recover proceeds from the two transactions from foreign shareholders, including, but not limited to, Royal Trust Corporation of Canada C/O Royal Bank of Canada, Mizuho Bank, Ltd. and Monetary Authority/Singapore.

### Timeliness

32. This Notice of Removal is timely. Dreyfus Stock Index Funds, Inc. was served with the summons and Complaint on June 21, 2011 and timely filed this Notice of Removal within thirty days of service of the summons and Complaint. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 354 (1999). See also 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3). Further, this notice is timely because, pursuant to 12 U.S.C. § 632, removal under the Edge Act may be made at any time before trial.

33. Pursuant to 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027(b)-(c), Dreyfus Stock Index Funds, Inc. will file a copy of this Notice of Removal with the Clerk of Court for the Supreme Court of the State of New York, County of New York. Dreyfus Stock Index Funds, Inc. also will promptly serve a copy of this Notice on counsel for plaintiffs and (to the extent they have entered an appearance or are otherwise known) counsel for other parties to the removed case.

### Intradistrict Assignment

34. Pursuant to 28 U.S.C. § 1446(a), venue in this action is proper in this Court as the division within which the state court action was brought.

WHEREFORE, the Dreyfus Stock Index Funds, Inc. hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
July 11, 2011

Respectfully submitted,

By: _____
Stephen L. Ratner
Harry Frischer
Daniel P. Goldberger
David S. Mordkoff

PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
sratner@proskauer.com
hfrischer@proskauer.com
dgoldberger@proskauer.com
dmordkoff@proskauer.com

*Attorneys for Dreyfus Stock Index Funds, Inc.*