

11 CIV 4784

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

DEUTSCHE BANK TRUST COMPANY, AMERICAS, in its
capacity as successor indenture trustee for certain series of
Senior Notes, LAW DEBENTURE TRUST COMPANY OF
NEW YORK, in its capacity as successor indenture trustee for
certain series of Senior Notes, and WILMINGTON TRUST
COMPANY, in its capacity as successor indenture trustee for
certain series of PHONES Notes

                                    Plaintiffs,

         -against-

ADALY OPPORTUNITY FUND TD SECURITIES INC. C/O
ADALY INVESTMENT MANAGEMENT CO., 1IA SPX1,
ABP, ALSON CAP PARTNERS LLC /ALSON SIGNATURE
FD OFFSHORE M&C CORPORATE SERVICES LTD.,
ALSON CAPITAL PARTNERS, LLC, AMALGAMATED
BANK, AMIDA PARTNERS MASTER FUND LTD,
WALKER HOUSE SPV LTD., AMIDA PARTNERS
MASTER FUND LTD. /NON-FLIP ACCOUNT C/O AMIDA
CAPITAL MANAGEMENT, LLC, ANCHIN BLOCK &
ANCHIN, LINCOLN FD TAX ADVANTAGE,
ARCHDIOCESE OF NEW YORK MASTER TRUST, BELL
ATLANTIC MASTER TRUST, BLACKPORT CAPITAL
FUND LTD, BMO NESBIT BURNS INC./CDS, BMO
NESBIT BURNS TRADING CORP. SA, BROWN
BROTHERS HARRIMAN & CO., B TRADE SERVICES
LLC, BROWN BROTHERS HARRIMAN AND
COMPANY/ETF, HIMAN BROWN, TR UA 11/20/02
HIMAN BROWN REVOCABLE TRUST, CAPITALIA
AZIONARIO USA C/O CAPITALIA AM SGR SPA C/O
UNICREDIT S.P.A., CBS MASTER TRUST, CEDE & CO
C/O DEPOSITORY TRUST COMPANY, VILMA L
CHANTILES JT TEN, CIM XVI LLC, CITADEL EQUITY
FUND LTD / LEEDS MGMT SVCS (CAYMAN) LTD C/O
CITADEL INVESTMENT GROUP LLC, CITI GOLDEN
TREE LTD. C/O GOLDEN TREE ASSET MANAGEMENT
LP, CLEARWATER INVESTMENT, COGENT
MANAGEMENT INC., COMMERZ MARKETS LLC,
CONDOR C/O ROBECO INST ASSET MGMT BV C/O
ROBECO INVESTMENT MANAGEMENT,
CONSOLIDATED EDISON OF NY K801, CONVERTIBLES
STRATEGIC HOLD, COUGAR TRADING LLC, CREDIT

Case No.

NOTICE OF REMOVAL OF
ACTION PURSUANT TO
12 U.S.C. §632,
28 U.S.C. §§ 1334, 1441,
1446 and 1452

RECEIVED
JUL 12 2011
U.S.D.C. S.D.N.Y.
CASHIERS

AGRICOLE SECURITIES (USA) INC., D E SHAW
VALENCE PORTFOLIO LLC, DBSO SECURITIES LTD,
DELAWARE CHARTER G&T TTEE, DR. DAVID L.
HOEXTER IRA R/O, DELOS INSURANCE COMPANY,
DEPFA BANK PLC (HYPO REAL ESTATE BANK INT'L),
DEPOSITORY TRUST & CLEARING CORPORATION,
DEPOSITORY TRUST COMPANY, DRAWBRIDGE
GLOBAL MACRO, MASTER FUND LTD – K, DRESDNER
BANK, AG C/O COMMERZBANK AG, DREYFUS STOCK
INDEX FUNDS, INC., DREYFUS S&P 500 ST INDX FD,
DREYFUS/LAUREL FUNDS INC, E*TRADE CLEARING
LLC, E-CONNECTIVITY AVG PX, EMANUEL E.
GEDULD 2005 FAMILY TRUST, EQUITY LEAGUE
PENSION TRUST FUND, EVERGREEN ASSET
MANAGEMENT C/O PRENTICE-HALL CORPORATION
SYSTEM, INC., FAIRWEATHER LTD PTRSHP R1F3154C,
CUSTODIAN, FAIRWEATHER FAMILY L.P., DR. PETER
FAIRWEATHER, FIDEURAM BANK LUXEMBOURG S.A.
C/O INTESA SANPAOLO, FIRST INVESTORS LIFE
SERIES FUND BLUE CHIP SERIES, FIRST INVESTORS
LIFE SERIES FUND UTILITIES SERIES, FIRST
INVESTORS UTILITIES INCOME, FIRSTAR TRUST
COMPANY, THE MERGER FUND, FLEXIBLE US
EQUITY MANAGERS, PORTFOLIO 1 OFFSHORE
MASTER LP LSV C/O GS&CO, FOLKSAMERICA
REINSURANCE COMPANY, FORDHAM UNIVERSITY,
FORTIS CLEARING AMERICAS LLC 695, GABELLI AVG
PRICE 2, GABELLI & COMPANY INC., GABELLI
EQUITY TRUST INC, GAMCO INVESTORS INC.,
GABELLI FOUNDATION, INC., GABELLI FUNDS,
INC.(GABELLI ABC FUND), GABELLI FUNDS, INC.
(GABELLI FUNDS INC) BRUCE M. ALPERT, GABELLI
FUNDS, INC. (GABELLI) BRUCE M. ALPERT, GABELLI
FUNDS, INC. (THE GABELLI ASSET FUND) BRUCE M.
ALPERT, GABELLI FUNDS, INC. (THE GABELLI
EQUITY INC FD) BRUCE M. ALPERT, GABELLI FUNDS,
INC. (THE GABELLI GLOBAL MULTIMED TR) BRUCE
M. ALPERT, GABELLI FUNDS, LLC, GABELLI GLOBAL
DEAL FUND, GABELLI SECURITIES, INC., GABELLI
VALUE FUND, INC., MARIO J GABELLI, GAMCO ASSET
MANAGEMENT INC., GDK INC C/O CAXTON
ASSOCIATES LP, GEORGE M MOSS, CARA LEIGH
GILESPIE-WILSON, GMIMCO TRUST (GENERAL
MOTORS) BRUCE MARQUAND, GOLDENTREE
MASTER FUND II, LTD., GOLDENTREE MASTER FUND
LTD. C/O GOLDEN TREE ASSET MANAGEMENT LP,

GOLDENTREE MULTISTRATEGY OFFSHORE FUND
C/O GOLDEN TREE ASSET MANAGEMENT LP,
GOVERNMENT OF SINGAPORE INVESTMENT CORP
PTE LTD, RUTH GRUENTHAL, EMANUEL GRUSS,
GRYPHON HIDDEN VALUES VIII LTD, HAVENS
PARTNERS ENHANCED FUND, L.P., HAVENS
PARTNERS, L.P., HELEN BUTTENWIESER TRUST
7/28/38, HOMELAND INSURANCE COMPANY OF NEW
YORK C/O ONE BEACON INSURANCE CO., LENOX
HILL HOSPITAL, POLLY H. HOWELLS, HUDSON BAY
FUND LP, HUDSON BAY MASTER FUND LTD, IBEW
LOCAL 25 MASTERTRUST PLANS, INSTINET CORP NY,
INSTITUTIONAL BENCHMARKS SERIES (MASTER
FEEDER) LIMITED C/O LYRA CAPITAL LLC,
INVESTMENT TECH GROUP INC, IOLAIRE INVESTORS
LLP C/O ASB ADVISORS LLC, ITG INC, JEFFERIES &
COMPANY, INC., MARGARET T.M. JONES C P & CO AC,
CHARLES PRATT & COMPANY LLC, JONATHAN A
KNEE, BARRY KUPFERBERG DAVID & LORI BANNER
KUPFERBERG JT TEN, L3 COMMUNICATIONS
CORPORATION MASTER TRUST, ROBERT E LA
BLANC, LABRANCHE & CO. LLC, LABRANCHE
STRUCTURED PRODUCTS LLC, LEGG MASON
PARTNERS, NANCY G LEZETTE, LIGHTHOUSE
PARTNERS LLC / LMA SPC OBO MAP I SEGRGTN PRTF
C/O LIGHTHOUSE PARTNERS LLC, LOCAL 102
PENSION/NO TR VAL IM, BAKERY CONF TOB WRKS
LOCAL 102, LOEB ARBITRAGE MANAGEMENT LP,
MICHAEL LOEB, M. SAFRA & CO., INC., THOMAS J.
MAJORANA, CGM IRA CUSTODIAN,
MANUFACTURERS & TRADERS TRUST CO., MARIO J.
GABELLI GAMCO INVESTORS INC., JEROME & MARIA
MARKOWITZ JTWROS, MERGERS INVTMT TRD, MID
ATLANTIC CAPITAL CORP., MILLENCO LLC,
MITSUBISHI UFJ, MITSUBISHI UFJ ASSET MGMT
#968364 (THROUGH MASTER TRUST BANK OF JAPAN)
C/O BANK OF TOKYO-MITSUBISHI UFJ TRUST
COMPANY, MIZUHO BANK, LTD., MONETARY
AUTHORITY/SINGAPORE, MULTI-STRATEGY
GREENOCK MASTER FUND LTD, MUTUAL OF AMER
LIFE INS COA/C EQUITY-INDEX FUND, MACM 8,
NATIXIS BLEICHROEDER LLC, NEUBERGER BERMAN
INC., NEW EAGLE HOLDINGS LLC RISK ARBITRAGE,
NEW YORK CITY DEFERRED COMPENSATION PLAN,
NEW YORK STATE TEACHERS' RETIREMENT SYSTEM,
NEWEDGE USA, LLC EQUITY CLEARING DIVISION,

NOMURA SECURITIES INTERNATIONAL, INC.,
NOMURA SECURITIES INTERNATIONAL INC. - STOCK
LENDING, NYC DISTRICT COUNCIL CARPENTERS
PENSION, NYC DISTRICT COUNCIL CARPENTERS
WELFARE, NYLIM-QS LARGE CAP ENHANCED FUND
LP, O'SHAUGHNESSY, PACIFIC SELECT, MR VIOLET
AND MRS LESLIE PAYNE JTWROS, PENSION FUND
ASSOCIATION FOR LOCAL GOVERNMENT OFFICIALS,
THE SUMITOMO TRUST & BANKING CO. LTD.,
PENSION TRUST FUND LOCAL UNION #27, MARTHA
POPE, POPE, MARTHA P POPE/ EXECUTRIX, ESTATE
OF LEAVITT J. POPE, PRIME BROKER CSSI STOCK
SPLIT AND REORG PROCESSING ACCOUNT, QES QVT
FUND LP, QVT FINANCIAL LP, QVT FUND, R.E. GINNA
NUCLEAR POWER PLANT LLC MASTER
DECOMMISSIONING TRUST, R.E. GINNA QUALIFIED
DECOMMISSIONING TRUST, RABO CAPITAL
SERVICES, INC., RIEF RMP LLC C/O RENAISSANCE
TECHNOLOGIES LLC, RIEF TRADING LLC C/O
RENAISSANCE TECHNOLOGIES LLC, RISK FACIL 99:
CLOSE/RISK, U.S. SHARES PROGRAMS, ROYAL TRUST
CORPORATION OF CANADA C/O ROYAL BANK OF
CANADA, SCHULTZE ASSET MGMT., SECRETARIA TO
MUTUAL BENEFIT ASSOCIATION FOR TOKYO
METROPOLITAN EMPLOYEES, SG AMERICAS
SECURITIES, LLC, ROBERT A. AND JAMIE A. SIMINS
JTWROS, SOCIETE GENERALE ASSET MGMT CO
(THROUGH MASTER TRUST BANK OF JAPAN),
SOCIETE GENERAL ASSET MANAGEMENT,
ALEXANDER D AND PAULA SOLON JTWROS,
ALEXANDER SOLON IRRA FBO ALEXANDER SOLON
C/O MLPF&S CUST FPO, SPEAR LEEDS AND KELLOGG,
SHIRLEY J SPERLING AND SUSAN J MARTIN JT TEN,
SPX PRINCIPAL STRATEGY U.S. SHARES PROGRAMS,
STICHTING PENSIOENFONDS ABP C/O ABP
INVETMENTS US, INC., STICHTING PENSIOENFONDS
OCE C/O ABO INVESTMENTS US, INC., STICHTING
PENSIOENFONDS VAN DE C/O ABP INVESTMENTS US,
INC., STICHTING PENSIOENFONDS ZORG C/O ABP
INVESTMENTS US, INC., STRATEGIC FUNDS, INC.,
STRATEGIC OPPORTUNITY BMO NESBITT BURNS C/O
ADALY INVESTMENT MANAGEMENT CO., SUMITOMO
TRUST & BANKING CO. LTD. TRUSTEE, PENSION
COMMINGLE FUND, SWAPS, SBI, SWISS AMERICAN
SECURITIES INC., SWISS RE FINANCIAL PRODUCTS
CORP., SYSTEIA CAPITAL MANAGEMENT C/O

AMUNDI INVESTMENTS ADVISORS USA, INC., T
ROWE PRICE TRUST CO, TRPTC TTEE INTERSIL
EQUITY INC. FUND, T. ROWE PRICE ASSOCIATES, T.
ROWE PRICE BALANCED FUND, INC., T. ROWE PRICE
EQUITY INCOME TRUST C/O T. ROWE PRICE
ASSOCIATES, INC., T.ROWE PRICE ASSOCIATES
(CHEETAH + CO), T.ROWE PRICE ASSOCIATES
(FOULARD AND CO), T.ROWE PRICE ASSOCIATES
(SHERBET + CO), T.ROWE PRICE ASSOCIATES
(SPINNINGROD & CO), T.ROWE PRICE ASSOCIATES
(TASKFORCE & CO), T.ROWE PRICE ASSOCIATES C/O
CT CORPORATION SYSTEM, T.ROWE PRICE
BALANCED FUND- LARGE CAP CORE, T.ROWE PRICE
EQUITY INDEX 500 FUND, T.ROWE PRICE TOTAL
EQUITY MARKET INDEX FUND, T/W W MILTON JR
FBO ANNA LIVINGSTONE, TD EMERALD HEDGED U.S.
EQUITY C/O TD ASSET MANAGEMENT USA, INC., TD
EMERALD POOLED U.S. FUND C/O TD ASSET
MANAGEMENT USA, INC., TD EMERALD U.S. MARKET
INDEX FUND C/O TD ASSET MANAGEMENT USA, INC.,
TD U.S. INDEX FUND C/O TD ASSET MANAGEMENT
USA, INC., TD U.S. LARGE CAP VALUE FUND C/O TD
ASSET MANAGEMENT USA, INC., TMS/ITS SETT A/C
FOR HFF I LLC, TOCQUEVILLE ASSET MANAGEMENT
L.P., CARA LEIGH GILLESPIE-WILSON, TOCQUEVILLE
ASSET MANAGEMENT L.P., CIRI GILLESPIE, TRE
PENSION EFT ACCT PPS, TRIBUNE CO COM STK
TENDER EXP, TENSOR OPPORTUNITY LIMITED C/O M.
SAFRA & CO. INC., WILLIAM SANDERSON
TWADDELL, U OF T MASTER TRUST C/O THE
BLACKSTONE GROUP LP, UNITED CHURCH OF
CHRIST DEFINED CONTRIBUTION, UNIVERSITY OF
TORONTO C/O THE BLACKSTONE GROUP LP, US
TRUST CO. N.A., VALUE LINE, INC, ELIZABETH H
VANMERKENSTEIJN, JOHN J WAGNER, JOHN J. AND
ROSEMARY WAGNER JTWROS, ABIGAIL WALLACH,
ERIC D. WERTHMAN, JESSE WERTHMAN, WHITE
MOUNTAINS RE BERMUDA LTD C/O WHITE
MOUNTAINS REINSURANCE COMPANY OF AMERICA,
and WHITE MOUNTAINS REINSURANCE COMPANY OF
AMERICA, all the foregoing being sued individually; and the
following defendants being sued individually and as defendant
shareholder class representatives: DREYFUS INDEX FUNDS,
INC, JOAN E CLARK, NICHOLAS G CHANTILES,
BESSEMER TRUST COMPANY, GEORGE M. MOSS,
HUGH F FAGAN, EMPIRE STATE CARPENTERS

PENSION, FIERSTEIN COMPANY, ABP INVESTMENTS    :
US, INC., ANIMA SOCIETA' DI GESTIONE C/O BPM    :
CAPITAL TRUST GSS LLC, DEXIA BANK C/O DEXIA    :
CREDIT LOCAL, NEW YORK BRANCH, and STICHTING    :
PENSIOENFONDS HOOGOVENS, on behalf of themselves    :
and a class of similarly situated persons and entities, and    :
DOES 1-5,000, such names being fictitious and unknown to    :
plaintiffs, representing individuals or entities who may be legal    :
or beneficial owners of common stock purchased, repurchased,    :
or redeemed in connection with the transactions underlying this    :
action, or who received proceeds of the transfers underlying    :
this action,    :

                                   :
                Defendants.        :
                                   :
                                   :
                                   :
                                   :
                                   :
                                   :
                                   :
------------------------------------------------------------------------- X

## NOTICE OF REMOVAL

   PLEASE TAKE NOTICE that Defendant Dreyfus Stock Index Funds, Inc. files this

Notice of Removal pursuant to 12 U.S.C. § 632, 28 U.S.C. §§ 1334, 1441, 1446, and 1452, and

Local Civil Rule 81.1, and removes to this Court from the Supreme Court of the State of New

York, County of New York the above-entitled action (Index No. 651515/2011) (the "State Court

Action"), and all claims and causes of action asserted therein.  This Court has original

jurisdiction over this matter pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1334.  In support of this

Notice of Removal, Dreyfus Stock Index Funds, Inc. states as follows:

   1.    The State Court Action was commenced on June 2, 2011, by filing of a summons and

complaint (the "Complaint" or "Compl.") in the Supreme Court of the State of New York,

County of New York.

2.      On June 21, 2011, Dreyfus Stock Index Funds, Inc. was served with the summons and complaint in this action. Upon information and belief, plaintiffs have not completed service of process on all defendants.

3.      In accordance with 28 U.S.C. § 1446(a), Local Civil R. 81.1, and Fed. R. Bankr. P. 9027(a)(1), true and correct copies of all process, pleadings and orders filed in the Supreme Court of the State of New York, County of New York to date are attached as Exhibit A to this Notice of Removal.

4.      As is apparent from the face of the Complaint, and as set forth below, this Court has jurisdiction over the claims and causes of action at issue in the State Court Action pursuant to 12 U.S.C. § 632 and 28 U.S.C. § 1334(b).

5.      In the Chapter 11 bankruptcy proceeding, Case No. 08-13141 (KJC) (the "Tribune Bankruptcy Proceeding"), filed December 8, 2008, by the Tribune Company ("Tribune") and certain of its subsidiaries (collectively, the "Debtors"), pending in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), the Official Committee of Unsecured Creditors (the "UCC"), filed claims against Tribune shareholders to avoid as intentional fraudulent conveyances all proceeds that the shareholders had received in connection with Tribune's 2007 leveraged buyout (the "LBO").  First Amended Complaint, Official Committee of Unsecured Creditors of Tribune Company v. Fitzsimons, Adv. Proceeding No. 10-54010 (KJC) (Bankr. D. Del. filed Dec. 7, 2010), docket item 61 (the "UCC Complaint").

6.      In the State Court Action, the Plaintiffs also seek to recover the same funds at issue in the Tribune Bankruptcy Proceeding, alleging that the payments to Tribune shareholders in connection with the LBO are fraudulent conveyances under the state laws of New York, Illinois and Massachusetts.

**Background**

7.      The events giving rise to the fraudulent conveyance claims both here and in the Tribune Bankruptcy Proceeding are summarized as follows.

8.      In 2007, Tribune's board of directors approved the LBO.  The LBO was structured as two transactions – referred to as Step One and Step Two – in which Tribune purchased all outstanding shares of its common stock.  Compl. ¶¶ 3, 6.

9.      In Step One, Tribune, through its employee stock ownership plan (the "ESOP"), purchased approximately 50% of the outstanding shares of Tribune common stock at $34 per share in a tender offer.  The purchase was financed by an $8.028 billion Credit Agreement (the "Credit Agreement," attached as Exhibit B).  In the Complaint, Plaintiffs allege that Tribune's shareholders were paid approximately a total of $4.3 billion during Step One.  Compl. ¶ 6.

10.      In Step Two, Tribune merged with a Delaware corporation that was wholly owned by the ESOP.  In consideration for the merger, Tribune's remaining outstanding common stock holders received $34 per share.  Their shares in Tribune were thereafter cancelled.  The Step Two merger was financed through additional borrowings under the Credit Agreement and a bridge loan agreement.  The Complaint alleges that shareholders were paid $4.0 billion during Step Two.  Compl. ¶ 6.

11.      On December 8, 2008, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Delaware Bankruptcy Court.  Compl. ¶ 12.  A crucial and contested issue in the Tribune Bankruptcy Proceeding is whether the LBO transactions constitute fraudulent conveyances.

12.      In 2010, the Court appointed an Examiner to evaluate whether the Debtors' estates held any potential claims and causes of action in connection with the LBO, including

specifically, the fraudulent conveyance claims. <u>See</u> Agreed Order Directing The Appointment

Of An Examiner, <u>In re Tribune Co.</u>, Case No. 08-13141 (KJC) (Bankr. D. Del. Apr. 20, 2010),

docket item 4120.

13.     On July 26, 2010, following a lengthy investigation, the Examiner filed a four-

volume report summarizing his conclusions.  The Examiner's report largely focused on

fraudulent conveyance issues, including the Debtors' intent in making the conveyances, their

solvency, capital adequacy, and ability to repay debts at the time of the LBO, and transferees'

defenses to any potential fraudulent conveyance claims.  Examiner's Report of Kenneth N. Klee,

as Examiner, <u>In re Tribune Co.</u>, Case No. 08-13141 (KJC) (Bankr. D. Del. Aug. 3, 2010), docket

items 5247-50.

14.     Dreyfus Stock Index Funds, Inc. understands that there are two competing plans of

reorganization presently before the Bankruptcy Court.  These plans differ on how fraudulent

conveyance claims would be treated.  Dreyfus Stock Index Funds, Inc. also understands that the

Bankruptcy Court conducted an eleven-day confirmation hearing, which began on March 7,

2011, for the two proposed plans of reorganization.  Sixteen witnesses testified, and over one

thousand pages of briefs and objections were filed.  A major issue at the confirmation hearing

was whether the conveyances related to Step One and Step Two could be avoided as fraudulent

conveyances and, if so, the value of those claims.  Proponents of each plan put on expert

witnesses on this issue.  The parties submitted post-hearing briefs and thereafter, on June 27,

2011, the Court held closing arguments.  To date, neither plan has been confirmed.

15.     The Tribune Bankruptcy Proceeding also includes adversary proceedings.  On

December 7, 2010, the UCC filed an amended complaint in its adversary proceeding in the

Delaware Bankruptcy Court asserting thirty-six claims against various defendants.  <u>See</u> UCC

Complaint. The fraudulent conveyance claims are at the forefront of these proceedings. For example, in the UCC Complaint, Count thirteen seeks to avoid the conveyances made to Tribune's shareholders in connection with the LBO for the purchase, repurchase, or redemption of the outstanding shares as an intentional fraudulent conveyance. Id. at 97.

16.    Since the fraudulent conveyance claims have been subject to the automatic stay of 11 U.S.C. § 362, the Bankruptcy Court was required to issue an order (the "Claims Order"), at Plaintiffs' request, to permit them to file this and other actions against Tribune's former shareholders. Order, In re Tribune Co.. Case No. 08-13141 (KJC) (Bankr. D. Del. Apr. 25, 2011), docket item 8740. The Claims Order was entered on April 25, 2010 and was attached as Exhibit B to the Complaint.

17.    The Claims Order lifted the automatic stay to the limited extent of allowing certain creditors, including plaintiffs in this action, to file state law constructive fraudulent conveyance claims against shareholders to attempt to recover conveyances the shareholders had received in connection with the LBO. The Court did not rule on the standing of such creditors to bring these claims. Following the entry of the Claims Order, plaintiffs and other creditors filed this action and approximately 50 similar actions in state and federal courts around the country (the "State Law Constructive Fraudulent Conveyance Actions") seeking return of payments made to Tribune shareholders in connection with the LBO, alleging such payments to be constructive fraudulent conveyances under state law.

18.    The Claims Order provided that after filing of a complaint, this action (and the other State Law Constructive Fraudulent Conveyance Actions) would be automatically stayed, except that Plaintiffs are permitted to amend their state law constructive fraudulent conveyance complaints, complete service, and conduct limited discovery as necessary to prevent statutes of

limitations or other time-related defenses from barring the claims.  Claims Order ¶ 6.  Plaintiffs

are required to move to stay any actions not automatically stayed.  Id.

19.    On June 29, 2011, the Delaware Bankruptcy Court entered an order – amending and

clarifying the Claims Order – which, among other things: (a) permitted any defendant in state

court to seek removal on any applicable ground; and (b) authorized any plaintiff or defendant in

the State Law Constructive Fraudulent Conveyance Actions to move to consolidate and/or

coordinate the Actions.

## Grounds for Removal

20.    Removal is appropriate here for two independent reasons.  First, the State Court

Action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1452.  Pursuant to

28 U.S.C. § 1334(b), this Court has original bankruptcy jurisdiction over the claims at issue in

the State Court Action.  Second, removal is appropriate under the Edge Act, 12 U.S.C. § 632,

because, upon information and belief, at least one of the defendants is a United States

corporation and this action arises out of transactions involving international banking and

international or foreign financial operations.

### A. Bankruptcy Jurisdiction

21.    Under section 1452(a) "[a] party may remove any claim or cause of action in a civil

action ... to the district court for the district where such civil action is pending, if such district

court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C.

§ 1452(a).  Section 1441(a) further provides that "any civil action brought in State court of which

the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending." 28 U.S.C. § 1441(a).

22.     Under 28 U.S.C. § 1334(b), this Court has original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

23.     Facts entitling Dreyfus Stock Index Funds, Inc. to file this Notice of Removal include, without limitation, the following.  First, the central issues in the State Court Action are identical to, and intertwined with, matters at issue in the Tribune Bankruptcy Proceeding, including the Delaware Bankruptcy Court's consideration of the proposed plans of reorganization.

24.     Second, the conveyances sought to be avoided in the State Court Action are also the subject of an adversary proceeding for avoidance (of a fraudulent conveyance) in the Tribune Bankruptcy Proceeding.

25.     Third, Plaintiffs' claims in the State Court Action are claims that can only be pursued, if at all, pursuant to the statutory scheme established by Congress in Chapter 5 of the Bankruptcy Code, including, specifically, the limitations contained in sections 544(a) and 546(e) of the Bankruptcy Code.  The commencement of the State Court Action and the allegations of the Complaint constitute efforts to circumvent the restrictions imposed by Congress in Chapter 5 of the Bankruptcy Code, which preempt Plaintiffs' claims.

26.     Fourth, the outcome of the State Court Action will have an effect on the Tribune bankruptcy estate – at a minimum, if Plaintiffs are able to recover from Wells Fargo, their claims against the bankruptcy estate will be reduced.

27.     The claims in the State Court action constitute "core" proceedings within the meaning of 28 U.S.C. §157(b)(2).  For example, as the claims in the State Court Action are "proceedings to determine, avoid, or recover fraudulent conveyances," they are "core proceedings."  28 U.S.C. § 157(b)(2)(H).

### B. Edge Act Jurisdiction

28.     The Edge Act provides that the district courts of the United States have original

jurisdiction over "all suits of a civil nature at common law or in equity to which any corporation

organized under the laws of the United States shall be a party, arising out of transactions

involving international or foreign banking ... or out of other international or foreign financial

operations . . . ." 12 U.S.C. § 632.

29.     It further provides that "any defendant in any such suit may, at any time before the

trial thereof, remove such suits from a State court into the district court of the United States for

the proper district by following the procedure for the removal of causes otherwise provided by

law." 12 U.S.C. § 632.

30.     Plaintiffs filed the Complaint against at least one national banking association, that

upon information and belief, is incorporated under the laws of the United States: U.S. Trust Co.,

N.A.

31.     Additionally, this action is a suit "of a civil nature at common law or in equity" that

arises out of transactions involving "international or foreign banking" or "other international or

foreign financial operations." Bank of Am. Corp. v. Lemgruber, 385 F. Supp. 2d 200, 214

(S.D.N.Y. 2005) ("A suit satisfies the jurisdictional prerequisites of Section 632 if any part of it

arises out of transactions involving international or foreign banking.") (quoting In re Lloyd's

Am. Trust Fund Litig., 928 F. Supp. 333, 338 (S.D.N.Y. 1996)).  Plaintiffs' claims against the

defendants arise out of the Tribune LBO, which undoubtedly involved international banking

transactions.  The approximately $8.3 billion in payments allegedly made to the Tribune

shareholders (including alleged payments to U.S. Trust Co., N.A.) were funded with secured

loans provided by a group of United States and foreign banks.  See Credit Agreement (listing

foreign companies Barclays Bank PLC and Sumitomo Mitsui Banking Corp. as Credit

Agreement Lenders). Proceeds were distributed globally, including to foreign bank accounts via

wire transfers from United States banks. Moreover, plaintiffs seek to recover proceeds from the

two transactions from foreign shareholders, including, but not limited to, Royal Trust

Corporation of Canada C/O Royal Bank of Canada, Mizuho Bank, Ltd. and Monetary

Authority/Singapore.

### Timeliness

32.     This Notice of Removal is timely. Dreyfus Stock Index Funds, Inc. was served with

the summons and Complaint on June 21, 2011 and timely filed this Notice of Removal within

thirty days of service of the summons and Complaint. Murphy Bros., Inc. v. Michetti Pipe

Stringing, Inc., 526 U.S. 344, 347-48, 354 (1999). See also 28 U.S.C. § 1446(b) and Fed. R.

Bankr. P. 9027(a)(3). Further, this notice is timely because, pursuant to 12 U.S.C. § 632,

removal under the Edge Act may be made at any time before trial.

33.     Pursuant to 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027(b)-(c), Dreyfus Stock

Index Funds, Inc. will file a copy of this Notice of Removal with the Clerk of Court for the

Supreme Court of the State of New York, County of New York. Dreyfus Stock Index Funds,

Inc. also will promptly serve a copy of this Notice on counsel for plaintiffs and (to the extent

they have entered an appearance or are otherwise known) counsel for other parties to the

removed case.

### Intradistrict Assignment

34.     Pursuant to 28 U.S.C. § 1446(a), venue in this action is proper in this Court as the

division within which the state court action was brought.

WHEREFORE, the Dreyfus Stock Index Funds, Inc. hereby removes this action from the

Supreme Court of the State of New York, County of New York, to the United States District

Court for the Southern District of New York.

Dated: New York, New York
       July 11, 2011

Respectfully submitted,

By: _____

Stephen L. Ratner
Harry Frischer
Daniel P. Goldberger
David S. Mordkoff

PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
sratner@proskauer.com
hfrischer@proskauer.com
dgoldberger@proskauer.com
dmordkoff@proskauer.com

*Attorneys for Dreyfus Stock Index Funds,
Inc.*