UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
DEUTSCHE BANK TRUST COMPANY AMERICAS,
in its capacity as successor indenture trustee for certain
series of Senior Notes, LAW DEBENTURE TRUST
COMPANY OF NEW YORK, in its capacity as successor
indenture trustee for certain series of Senior Notes, and
WILMINGTON TRUST COMPANY, in its capacity as
successor indenture trustee for the PHONES Notes,

                    Case No. 1:11-cv-4784 (RJH)

                    Plaintiffs,

    -against-

ADALY OPPORTUNITY FUND TD SECURITIES INC.
C/O ADALY INVESTMENT MANAGEMENT CO., *et al.*,

                    Defendants.
-------------------------------------------------------------------------------X

## DECLARATION OF DANIEL H. GOLDEN IN SUPPORT OF PLAINTIFFS' AMENDED MOTION FOR LIMITED WITHDRAWAL AND LIMITED SUBSTITUTION OF COUNSEL

    I, DANIEL H. GOLDEN, an attorney duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York, declare under the penalty of perjury as follows:

    1.    I am a member of the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump" of the "Firm"), counsel to Plaintiffs Deutsche Bank Trust Company Americas in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, "Plaintiffs") with respect to claims asserted against only certain defendants in this action.

2. I make this Declaration in support of Plaintiffs' Amended Motion for Limited Withdrawal and Limited Substitution of Counsel (the "Amended Motion").

3. I make this Declaration based on my personal knowledge.

4. On June 2, 2011, Plaintiffs commenced the instant action by filing a Complaint with the Supreme Court for the State of New York, New York County (the "New York State Court").

5. On July 12, 2011, this action was removed to this Court and was subsequently assigned to the Honorable Richard J. Holwell on or about September 7, 2011.

6. On August 22, 2011, Akin Gump filed a motion to withdraw as counsel for Plaintiffs *solely* with respect to the claims asserted against 20 of the named defendants, which Akin Gump potentially could not be adverse to (the "Initial Conflict Defendants") and for limited substitution of Friedman Kaplan Seiler & Adelman LLP ("Friedman Kaplan") and Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz Benson") to represent Plaintiffs *solely* with respect to such claims (the "Initial Motion"). The Initial Motion is pending unopposed.

7. Also on August 22, 2011, Plaintiffs filed its Amended Complaint (the "First Amended Complaint"), which made various jurisdictional and venue-related amendments, a small number of additions to or clarifications of the facts relating to Plaintiffs' claims, and corrections to minor typographical errors. With the notation that the Initial Motion was pending, the First Amended Complaint also identified (i) Akin Gump as counsel to Plaintiffs solely with respect to claims being asserted against defendants *other than* the Initial Conflicts Defendants, (ii) Friedman Kaplan as counsel for Plaintiffs with respect to 17 of the Initial Conflicts Defendants, and (iii) Kasowitz Benson as counsel for Plaintiffs with respect to the remaining 3 Initial Conflicts Defendants.

8. Since the filing of the Initial Motion, Plaintiffs have received new information regarding appropriate defendants to this action. Additionally, Plaintiffs have engaged in ongoing discussions with certain defendants regarding whether they are appropriately named and

2

identified in this action.  These efforts have revealed that certain defendants should be added to the action, that claims against other defendants in their individual capacity should be omitted, and that certain information regarding the existing defendants' receipt of funds, the spelling of their names, their addresses, or the way they are identified in the caption or the Exhibit A attached to the Complaint should be updated.  Thus, on September 26, 2011, Plaintiffs filed a motion for leave to file a Second Amended Complaint.

9. The above-described efforts and an ongoing conflicts review have also revealed that there are additional defendants that Akin Gump potentially cannot be adverse to because of actual, potential, arguable or claimed ethical and/or business conflicts of interest, including defendants whose names or other identifying information needed to be updated.

10. Accordingly, to avoid any confusion, Plaintiffs are withdrawing the Initial Motion and now make this Amended Motion seeking to permit Akin Gump to withdraw as counsel to the following defendants:  Bell Atlantic Master Trust; Commerz Markets LLC; Dresdner Bank, AG; Commerzbank AG; Citi GoldenTree, Ltd.; GoldenTree Asset Management LP; GoldenTree Master Fund II, Ltd.; GoldenTree Master Fund Ltd.; GoldenTree Multistrategy Offshore Fund; GoldenTree Multistrategy, Ltd.; Robeco Institutional Asset Management BV; Robeco Investment Management, Inc.; Citigroup Securities Services Inc.; Drawbridge Global Macro Master Fund Ltd.; Dreyfus S&P 500 Stock Index Fund; Strategic Funds, Inc.; Dreyfus Active Midcap Fund; Dreyfus/Laurel Funds Inc.; Dreyfus Basic S&P 500 Stock Index Fund; Dreyfus Index Funds, Inc.; Dreyfus Stock Index Funds, Inc.; Flexible US Equity Managers; Portfolio 1 Offshore Master LP LSV; Flexible US Equity Managers Portfolio 1 LLC; Homeland Insurance Company Of New York; Loeb Arbitrage Management LP; Michael Loeb; M&T Bank f/k/a Manufacturers & Traders Trust Co; Madison Square Large-Cap Enhanced Index Fund LP f/k/a

NYLIM Large-Cap Enhanced Index Fund LP (a/k/a NYLIM–QS Large Cap Enhanced Fund LP); Pacific Select; Pacific Select Fund; Spear Leeds and Kellogg; FolksAmerica Reinsurance Company; White Mountains Re Bermuda Ltd.; White Mountains Reinsurance Company of America; Citadel Equity Fund Ltd.; Leeds Management Services (Cayman) Ltd.; Citadel LLC f/k/a Citadel Investment Group, L.L.C.; Neuberger Berman Inc.; Nomura Securities International, Inc.; Blackport Capital Fund Ltd.; University of Toronto Master Trust; The Blackstone Group LP; Governing Council of the University of Toronto; Labranche & Co. LLC; Labranche Structured Products LLC; Stichting Pensioenfonds ABP; Stichting Pensioenfonds Hoogovens; Stichting Pensioenfonds Océ; Stichting Pensioenfonds Zorg En Welzijn; QES QVT Fund LP; Quintessence Fund, LP; QVT Financial LP; QVT Fund; B Trade Services LLC; The Royal Bank of Scotland, N.V. f/k/a Stichting Pensioenfonds van de ABN AMRO; Mitsubishi UFJ Asset Mgmt #XX8364 (Through Master Trust Bank of Japan) c/o Bank of Tokyo-Mitsubishi UFJ Trust Company; Master Trust Bank of Japan Ltd.; Bank of Tokyo-Mitsubishi UFJ Trust Company; Mitsubishi UFJ Asset Management Ltd.; Mitsubishi UFJ; and ABN AMRO Clearing Chicago, LLC f/k/a Fortis Clearing Americas, LLC (the "Current Conflicts Defendants").

11. Further, each Plaintiff has consented to the limited substitution of Friedman Kaplan, Kasowitz Benson, and Aronauer, Re & Yudell, LLP ("Aronauer") into this action to represent Plaintiffs *solely* with respect to claims asserted against the Current Conflicts Defendants.

12. More specifically, Plaintiffs have agreed to permit Friedman Kaplan to substitute as counsel of record for Plaintiffs *solely* with respect to the claims asserted against the following Current Conflict Defendants: Bell Atlantic Master Trust; Commerz Markets LLC; Dresdner Bank, AG; Commerzbank AG; Citi GoldenTree, Ltd.; GoldenTree Asset Management LP; GoldenTree Master Fund II, Ltd.; GoldenTree Master Fund Ltd.; GoldenTree Multistrategy

4

Offshore Fund; GoldenTree Multistrategy, Ltd.; Robeco Institutional Asset Management BV; Robeco Investment Management, Inc.; Citigroup Securities Services Inc.; Drawbridge Global Macro Master Fund Ltd.; Dreyfus S&P 500 Stock Index Fund; Strategic Funds, Inc.; Dreyfus Active Midcap Fund; Dreyfus/Laurel Funds Inc.; Dreyfus Basic S&P 500 Stock Index Fund; Dreyfus Index Funds, Inc.; Dreyfus Stock Index Funds, Inc.; Flexible US Equity Managers; Portfolio 1 Offshore Master LP LSV; Flexible US Equity Managers Portfolio 1 LLC; Homeland Insurance Company Of New York; Loeb Arbitrage Management LP; Michael Loeb; M&T Bank f/k/a Manufacturers & Traders Trust Co; Madison Square Large-Cap Enhanced Index Fund LP f/k/a NYLIM Large-Cap Enhanced Index Fund LP (a/k/a NYLIM–QS Large Cap Enhanced Fund LP); Pacific Select; Pacific Select Fund; Spear Leeds and Kellogg; FolksAmerica Reinsurance Company; White Mountains Re Bermuda Ltd.; White Mountains Reinsurance Company of America; Citadel Equity Fund Ltd.; Leeds Management Services (Cayman) Ltd.; Citadel LLC f/k/a Citadel Investment Group, L.L.C.; Neuberger Berman Inc.; Nomura Securities International, Inc.; Blackport Capital Fund Ltd.; University of Toronto Master Trust; The Blackstone Group LP; Governing Council of the University of Toronto; Labranche & Co. LLC; Labranche Structured Products LLC; Stichting Pensioenfonds ABP; Stichting Pensioenfonds Hoogovens; Stichting Pensioenfonds Océ; and Stichting Pensioenfonds Zorg En Welzijn.

13. Plaintiffs have also agreed to permit Kasowitz Benson to substitute as counsel of record for Plaintiffs solely with respect to claims asserted against the following Current Conflicts Defendants: QES QVT Fund LP; Quintessence Fund, LP; QVT Financial LP; QVT Fund; B Trade Services LLC; and The Royal Bank of Scotland, N.V. f/k/a Stichting Pensioenfonds van de ABN AMRO.

14. And Plaintiffs have also agreed to permit Aronauer to substitute as counsel of record for Plaintiffs solely with respect to claims asserted against the following Current Conflicts

Defendants:  Mitsubishi UFJ Asset Mgmt #XX8364 (Through Master Trust Bank of Japan) c/o Bank of Tokyo-Mitsubishi UFJ Trust Company; Master Trust Bank of Japan Ltd.; Bank of Tokyo-Mitsubishi UFJ Trust Company; Mitsubishi UFJ Asset Management Ltd.; Mitsubishi UFJ; and ABN AMRO Clearing Chicago, LLC f/k/a Fortis Clearing Americas, LLC.

15.     This action is in its preliminary stages.  No answers or dispositive motions have been filed in response to the original Complaint or the First Amended Complaint.  Indeed, on September 19, 2011, the Court issued an Order staying the time for defendants to respond to the First Amended Complaint or commence motion practice.  [ECF No. 158].

16.     The prosecution of this case will not be disrupted by this limited withdrawal and limited substitution, nor will any of the parties be prejudiced by the relief sought, especially given the early stages of this case.

17.     Accordingly, I respectfully submit that the Court should exercise its discretion in permitting the limited withdrawal and limited substitution of counsel described above, and should grant the instant Amended Motion its entirety.

18.     I declare under the penalty of perjury that the foregoing statements are true and correct.

Dated:  New York, New York
        September 30, 2011

    /s/ Daniel H. Golden
    DANIEL H. GOLDEN